# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for use of the Clerk of the Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
FIERMAN PRODUCE EXCHANGE INC.

**DEFENDANTS**
WATERMELONS PLUS, INC., WATERMELONS II, INC. and DANNY PAGANO

**ATTORNEYS** (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
KREINCES & ROSENBERG, P.C.
900 MERCHANTS CONCOURSE
WESTBURY, NEW YORK 11590
(516) 227-6500

**ATTORNEYS** (IF KNOWN)

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Action pursuant to the Perishable Agricultural Commodities Act 7 USC §499 (e)(c) for the enforcement of trust benefits.

Has this or a similar case been previously filed in SDNY at anytime? No [X] Yes [ ] Judge Previously Assigned _____
If yes, was this case Vol. [ ] Invol. [ ] Dismissed, No [ ] Yes [ ] If yes, give date _____ & Case No. _____

(PLACE AN [X] IN ONE BOX ONLY)

## NATURE OF SUIT

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGEMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS' SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**TORTS**

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS

## ACTIONS UNDER STATUTES

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 R.R. & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT. RELATIONS
[ ] 730 LABOR/MGMT. DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL. RET. INC. SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC(405(g))
[ ] 863 DIWW(405(g))
[ ] 864 SSID TITLE REPORTING
[ ] 865 RSI(405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC.
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[X] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL XVI MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____ OTHER _____
Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:
JUDGE: _____ DOCKET NUMBER _____
NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**PLACE AN x IN ONE BOX ONLY)**

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from (Specify Dist.) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

**PLACE AN X IN ONE BOX ONLY)**

## BASIS OF JURISDICTION

☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) ☐ 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [x] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF'S ADDRESS AND COUNTY** (Calendar Rule 4(A))

FIERMAN PRODUCE EXCHANGE, INC.
47 New York City Terminal Market
Bronx, New York 10474

**DEFENDANT'S ADDRESS AND COUNTY** (Calendar Rule 4(A))

WATERMELONS PLUS, INC.
99 Brooklyn Terminal Market
Brooklyn, New York 11236

WATERMELONS II, INC.
97 Brooklyn Terminal Market
Brooklyn, New York 11236

DANNY PAGANO
WATERMELONS PLUS, INC.
99 Brooklyn Terminal Market
Brooklyn, New York 11236

**DEFENDANT'S ADDRESS UNKNOWN**

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: **THIS ACTION SHOULD BE CLASSIFIED:**
☐ Expedited ☒ Standard ☐ Complex ☐ Unknown

Check one: **THIS ACTION SHOULD BE ASSIGNED TO:** ☐ WHITE PLAINS ☒ FOLEY SQUARE
(DO NOT check either box if this is a PRISONER PETITION.)

DATE: April 5, 2007
SIGNATURE OF ATTORNEY OF RECORD
/s/ LEONARD KREINCES, ESQ.

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo _6_ Yr _60_)
Attorney Bar Code # LK-6524

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED

**UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)**

Z:\kreinces\WORK\HUNTSPOINT FIERMAN\Watermelon Plus\Civil Cover Sheet.frm

# United States District Court

Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.,

        Plaintiff,

-against-

WATERMELONS PLUS, INC., WATERMELONS II, INC. and DANNY PAGANO,

        Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No.:



JUDGE OWEN

TO: (Name and Address of Defendant)
WATERMELON PLUS, INC.
99 Brooklyn Terminal Market
Brooklyn, New York 11236

WATERMELON II, INC.
97 Brooklyn Terminal Market
Brooklyn, New York 11236

DANNY PAGANO
97 Brooklyn Terminal Market
Brooklyn, New York 11236

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFFS' ATTORNEYS: (name and address)
**KREINCES & ROSENBERG, P.C.**
900 Merchants Concourse
Westbury, New York 11590
(516) 227-6500

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

BY DEPUTY CLERK

APR 1 2 2007
DATE

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\Watermelon Plus\Summons.frm

07 CV 2927

UNITED STATES DISTRICT COURT



Brooklyn Terminal Market, Brooklyn, New York, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. Defendant, WATERMELONS II, INC. ("WATERMELONS II"), upon information and belief, is a corporation with a principal place at 97 Brooklyn Terminal Market, Brooklyn, New York, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

6. The defendant, DANNY PAGANO ("PAGANO"), is a principal officer, director and shareholder of WATERMELONS PLUS and was the conscious moving force concerning the operations of that corporation.

7. The defendant, PAGANO, directed all of the activities and operations of WATERMELONS PLUS.

8. The defendant, PAGANO, is a principal officer, director and shareholder of WATERMELONS II and was the conscious moving force concerning the operations of that corporation.

9. The defendant, PAGANO, directed all of the activities and operations of WATERMELONS II.

10. At all times hereinafter mentioned, the defendants, WATERMELONS PLUS and

WATERMELONS II, were dealers and commissioned merchants and subject to and licensed under the provisions of the PACA as a dealer and commissioned merchant.

## GENERAL ALLEGATIONS

11. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e©).

12. FIERMAN sold and delivered to defendant, WATERMELONS PLUS, in interstate commerce, $54,665.87 worth of wholesale quantities of produce.

13. FIERMAN sold and delivered to defendant, WATERMELONS II, in interstate commerce, $35,381.00 worth of wholesale quantities of produce.

14. Defendant, WATERMELONS PLUS, has failed to pay for the produce when payment was due, despite repeated demands and presently owe plaintiff $54,665.87.

15. Defendant, WATERMELONS II, has failed to pay for the produce when payment was due, despite repeated demands and presently owe plaintiff $35,381.00.

16. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

17. Plaintiff preserved its interest in the PACA trust in the amount of $54,665.87 and remains a beneficiary until full payment is made for the produce.

18. Plaintiff preserved its interest in the PACA trust in the amount of $35,381.00 and

remains a beneficiary until full payment is made for the produce.

19. The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

20. The defendants' failure and inability to pay show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

### COUNT 1 AGAINST WATERMELONS PLUS
### (FAILURE TO PAY TRUST FUNDS)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

22. The failure of defendant to make payment to plaintiff of trust funds in the amount of $54,665.87 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $54,665.87 to plaintiff.

### COUNT 2 AGAINST WATERMELONS II
### (FAILURE TO PAY TRUST FUNDS)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

24. The failure of defendant to make payment to plaintiff of trust funds in the amount of $35,381.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring

immediate payment of $35,381.00 to plaintiff.

### COUNT 3 AGAINST WATERMELONS PLUS
### (FAILURE TO PAY FOR GOODS SOLD)

25.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

26.    Defendant failed and refused to pay plaintiff $54,665.87 owed to plaintiff for produce received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $54,665.87 against the defendant.

### COUNT 4 AGAINST WATERMELONS II
### (FAILURE TO PAY FOR GOODS SOLD)

27.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

28.    Defendant failed and refused to pay plaintiff $35,381.00 owed to plaintiff for produce received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $35,381.00 against the defendant.

### COUNT 5 AGAINST WATERMELONS PLUS
### (INTEREST AND ATTORNEY'S FEES)

29.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

30.    As a result of defendants' failure to make full payment promptly of $54,665.87, plaintiff has lost the use of said money.

31. As a further result of defendant's failure to make full payment promptly of $54,665.87, plaintiff, has been required to pay attorney's 'fees and costs in order to bring this action to require defendant to comply with their statutory duties.

### COUNT 6 AGAINST WATERMELONS II
### (INTEREST AND ATTORNEY'S FEES)

32. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

33. As a result of defendants' failure to make full payment promptly of $35,381.00, plaintiff has lost the use of said money.

34. As a further result of defendant's failure to make full payment promptly of $35,381.00, plaintiff, has been required to pay attorney's 'fees and costs in order to bring this action to require defendant to comply with their statutory duties.

### COUNT 7 AGAINST PAGANO
### (FAILURE TO PAY TRUST FUNDS)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. The defendant, PAGANO, is personally responsible to pay all sums due to the plaintiff.

WHEREFORE, plaintiff requests judgment against each of the defendants for prejudgment interest, costs and attorneys fees.

Dated this 5th day of April, 2007.

                                                  Respectfully submitted,

                                                  KREINCES & ROSENBERG, P.C.

By: _____
                                                  LEONARD KREINCES (LK/6524)
                                                  Attorneys for Plaintiff
                                                  900 Merchants Concourse, Suite 305
                                                  Westbury, New York 11590
                                                  (516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\Watermelon Plus\Complaint.PACA.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.,

    Plaintiff,

  -against-

CASE NUMBER:

WATERMELONS PLUS, INC., WATERMELONS II, INC. and DANNY PAGANO,

    Defendants.

---

Pursuant to Rule 7 of the Local Rules of the U.S. District Court for the Southern and Eastern Districts of New York and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for **Plaintiff** (A private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

**NONE**

Date:  Westbury, New York
       April 5, 2007

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\Watermelon Plus\Rule 7.frm