UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.,

                      Plaintiff,

    -against-

WATERMELONS PLUS, INC., WATERMELONS II,
INC. and DANNY PAGANO,

                      Defendants.

Case No.: 07 CV 2927 (KO)

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

UPON the annexed affidavit of William Fierman, dated April 2, 2007, with exhibits, the application of Leonard Kreinces, Esq., Kreinces & Rosenberg, P.C., dated April 5, 2007, as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

ORDERED, that the defendants, WATERMELONS PLUS, INC. ("WATERMELONS PLUS"), WATERMELONS II, INC. ("WATERMELONS II") and DANNY PAGANO ("PAGANO"), show cause before the Honorable Kimba M. Wood, United States District Judge, at the United States Courthouse, 500 Pearl Street, Courtroom 15-B, New York, New York, on April 13, 2007, at 3:30 o'clock a.m./p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents,

1

employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust asset to any creditor, person or entity, until further order of this Court or until the defendant, WATERMELONS PLUS, pay FIFTY-FOUR THOUSAND SIX HUNDRED SIXTY-FIVE and 87/100 ($54,665.87) DOLLARS, and defendant, WATERMELONS II, pay THIRTY-FIVE THOUSAND THREE HUNDRED EIGHTY-ONE and 00/100 ($35,381.00) DOLLARS plus interest, costs, and attorneys fees to the plaintiff; and it is further

IT APPEARING to the Court from the affidavit of William Fierman, that the defendants, WATERMELONS PLUS and WATERMELONS II, are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore

ORDERED, that defendants, WATERMELONS PLUS, WATERMELONS II and PAGANO, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are

(i)   temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter "PACA") and the regulations promulgated thereunder; and

(ii) temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets ~~and/or otherwise disposing of company or personal assets~~ to any creditors, persons or entitles until further order of this Court or until the defendants, WATERMELONS PLUS and WATERMELONS II, pay the plaintiff the sums of FIFTY-FOUR THOUSAND SIX HUNDRED SIXTY-FIVE and 87/100 ($54,665.87) DOLLARS and THIRTY-FIVE THOUSAND THREE HUNDRED EIGHTY-ONE and 00/100 ($35,381.00) DOLLARS, respectively, plus interest, costs, and attorneys fees, and

(iii) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants' business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after April 12, 2007, with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendant, the defendants must account to this Court and counsel for the plaintiff for all assets in defendant's ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendant, including the date of acquisition and whether or not such assets or any interest therein derived from

the proceeds of the sale of perishable agricultural commodities by WATERMELONS PLUS, WATERMELONS II and PAGANO, and, if not, the source of such assets; and

(v) ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from WATERMELONS PLUS and WATERMELONS II.'s operations and received or transferred by them on or after April 12, 2007, which are lawfully obtainable by WATERMELONS PLUS, WATERMELONS II and PAGANO; and

(vi) ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated WATERMELONS PLUS and WATERMELONS II PACA Escrow Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

(vii) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendant, the defendants must deliver to plaintiff's counsel complete list of all accounts receivable of WATERMELONS PLUS and WATERMELONS II generated by its perishable agricultural commodities business with those receivables being collected by defendants' or plaintiff's counsel and deposited in the "WATERMELONS PLUS and WATERMELONS II PACA Escrow Account," and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

ORDERED, that this order will expire ten (10) days after entry unless within such time the

order for good cause shown is extended for a like period, or unless the defendants consent that it may be extended for a longer period; and it is further

ORDERED, that the plaintiff shall not be required to post a bond hereunder, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it was granted be served upon the defendants, WATERMELONS PLUS, WATERMELONS II and PAGANO, or their attorneys, by first class and overnight mail, on or before April 12, 2007, before 5:00 p.m.

A hearing on plaintiff's motion for a preliminary injunction is scheduled for April 13, 2007, at ~~10:00 a.m.~~ 3:30 p.m.

Date: April 9, 2007

12 — Knuw

_____
U.S.D.J.

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\Watermelon Plus\Order to Show Cause.wpd

5