UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FIERMAN PRODUCE EXCHANGE, INC.,

                Plaintiff,      Case No.:

-against-

WATERMELONS PLUS, INC., WATERMELONS II,
INC. and DANNY PAGANO,

                Defendants.
_____

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR PRELIMINARY INJUNCTION**

STATE OF NEW YORK   )
COUNTY OF BRONX    ) ss.:

WILLIAM FIERMAN, being duly sworn, deposes and says:

1. I am the Vice-President of FIERMAN PRODUCE EXCHANGE, INC., the plaintiff herein, and I make this affidavit in support of an application for a Preliminary Injunction pursuant to F.R. Civ. P. Rule 65.

2. Plaintiff is a seller of wholesale quantities of perishable agricultural commodities located at 247 New York City Terminal Market, Hunts Point, Bronx, New York.

3. WATERMELONS PLUS, INC. ("WATERMELONS PLUS") is a purchaser of wholesale quantities of perishable agricultural commodities and is licensed as a dealer and/or commission merchant under The Perishable Agricultural Commodities ACT of 1930, as amended, 7 U.S.C. 499a, etc. ("PACA").

1

4.  WATERMELONS II, INC. ("WATERMELONS II") is a purchaser of wholesale quantities of perishable agricultural commodities and is licensed as a dealer and/or commission merchant under The Perishable Agricultural Commodities ACT of 1930, as amended, 7 U.S.C. 499a, etc. ("PACA").

5.  DANNY PAGANO ("PAGANO") is the principal officer, director and shareholder of each of the corporate defendants who a commonality of ownership. He is the conscious moving force and chief operating officer of each corporation and is in charge of who obtains payment and who receives payment as accounts receivable and accounts payable are determined by PAGANO.

6.  From December 2, 2005 through December 21, 2005, the plaintiff sold to WATERMELONS PLUS wholesale lots of perishable agricultural commodities ("commodities") in interstate commerce, the balance of which is FIFTY-FOUR THOUSAND SIX HUNDRED SIXTY-FIVE and 87/100 ($54,665.87) DOLLARS for which the plaintiff has not been paid as of the date of this affidavit.

7.  From September 12, 2006 through March 15, 2007, the plaintiff sold to WATERMELONS II wholesale lots of perishable agricultural commodities ("commodities") in interstate commerce, the balance of which is THIRTY-FIVE THOUSAND THREE HUNDRED EIGHTY-ONE and 00/100 ($35,381.00) DOLLARS for which the plaintiff has not been paid as of the date of this affidavit.

8.  The defendant WATERMELONS PLUS has not made any payment of the current balance to the plaintiff for the perishable agricultural commodities.

9.  The defendant WATERMELONS PLUS has not made any payment of the current

balance to the plaintiff for the perishable agricultural commodities.

10. The defendant WATERMELONS PLUS is obligated to hold all perishables and the proceeds from the sale of such perishables, in trust, for payment to the plaintiff.

11. The defendant WATERMELONS II is obligated to hold all perishables and the proceeds from the sale of such perishables, in trust, for payment to the plaintiff.

12. The defendant PAGANO is obligated to hold all perishables and the proceeds from the sale of such perishables, in trust, for payment to the plaintiff.

13. The plaintiff furnished timely billings to WATERMELONS PLUS, which invoices are annexed hereto and made part hereof as Exhibit "A", which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. §499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery. . . .

14. The plaintiff furnished timely billings to WATERMELONS II, which invoices are annexed hereto and made part hereof as Exhibit "B", which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5©) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. §499(e)©)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery. . . .

15. A copy of the complaint is annexed herein, as Exhibit "C".

16. We respectfully submit that a Preliminary Injunction should be issued enjoining the defendants from the dissipation of its inventory and accounts receivable to creditors other than those such as the plaintiff who has preserved its trust benefits under PACA. The plaintiff requests this Court to direct the defendant, WATERMELONS PLUS, to set aside the funds of FIFTY-FOUR THOUSAND SIX HUNDRED SIXTY-FIVE and 87/100 ($54,665.87) DOLLARS, as well as the collection of all accounts receivable pending an Evidentiary Hearing or such further order of the Court in order that the remainder of plaintiff's trust claims be preserved and not be dissipated in violation of law.

17. We respectfully submit that a Preliminary Injunction should be issued enjoining the defendants from the dissipation of its inventory and accounts receivable to creditors other than those such as the plaintiff who has preserved its trust benefits under PACA. The plaintiff requests this Court to direct the defendant, WATERMELONS II, to set aside the funds of THIRTY-FIVE THOUSAND THREE HUNDRED EIGHTY-ONE and 00/100 ($35,381.00) DOLLARS, as well as the collection of all accounts receivable pending an Evidentiary Hearing or such further order of the Court in order that the remainder of plaintiff's trust claims be preserved and not be dissipated in violation of law.

18. The defendant WATERMELONS PLUS consumed the produce which it accepted from the plaintiff in December, 2005. Produce has a short shelf-life, hence, the use by the defendant of the produce which it purchase from the plaintiff. More than thirty (30) days have passed without payment. The ten (10) day requirement of the statute has been violated. This defendant continues

to breach its duties as a trustee under PACA. That is why we request the relief concerning immediate delivery of this Order upon the defendant and any other entity with which it is involved as a depositor or otherwise be made, or else this defendant will dissipate and prevent the plaintiff from protecting its trust interests in the business conducted by this defendant.

19. The defendant WATERMELONS II consumed the produce which it accepted from the plaintiff in December, 2005. Produce has a short shelf-life, hence, the use by the defendant of the produce which it purchase from the plaintiff. More than thirty (30) days have passed without payment. The ten (10) day requirement of the statute has been violated. This defendant continues to breach its duties as a trustee under PACA. That is why we request the relief concerning immediate delivery of this Order upon the defendant and any other entity with which it is involved as a depositor or otherwise be made, or else this defendant will dissipate and prevent the plaintiff from protecting its trust interests in the business conducted by this defendant.

20. No previous application has been made for the relief requested herein.

WHEREFORE, it is respectfully requested that the Preliminary Injunction be granted and the trust fund be set aside pursuant to order of this Court.

_____
WILLIAM FIERMAN

Sworn to before this
7th day of August, 2006.

_____
Notary Public
LEONARD KREINCES
Notary Public, State of New York
No. 02KR7364365
Qualified in Nassau County
Commission Expires 1/31/2011